a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BILLE ISSE ABDI, Petitioner | CIVIL ACTION NO. 1:18-CV-30-P |
| VERSUS | JUDGE DEE D. DRELL |
| JEFFERSON SESSIONS, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Bille Isse Abdi ("Abdi") (A#208763224). At the time of filing, Abdi was an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). Abdi challenges his continued detention pending removal.

Because Abdi has been removed from the United States, his claim is moot, and his petition should be dismissed for lack of jurisdiction.

I. Background

Abdi is a native and citizen of Somalia. Abdi was issued a final order of removal on May 6, 2016. (Doc. 1-2, p. 4). According to his exhibits, Abdi was brought to the airport for a flight to Somalia in May 2017. However, Abdi's flight was cancelled, and Abdi was returned to the LaSalle Detention Center. (Doc. 1-2, p. 1). Abdi alleges ICE has been unable to secure his removal, despite Abdi's cooperation. Thus, Abdi claims his continued detention violates the rule announced in Zadvydas v. Davis, 533 U.S. 678 (2001).

According to ICE, Abdi was recently removed from the United States to Somalia.[1]

## II. Law and Analysis

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." <u>Home Builders Ass'n of Miss., Inc. v. City of Madison</u>, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). Lack of subject matter jurisdiction may be raised at any time. <u>See Giles v. Nylcare Health Plans, Inc.</u>, 172 F.3d 332, 336 (5th Cir. 1999). Because Abdi is no longer in DHS/ICE custody, the Court cannot order his release. Abdi's challenge to his post-removal-order detention is now moot.

## III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the petition for writ of habeas corpus be DISMISSED without prejudice for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned

---

[1] The ICE Online Detainee Locator Service indicates that Abdi is no longer in custody. The Court confirmed with the United States Attorney's office that Abdi was removed on June 28, 2018.

is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 16th day of January, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge